**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | No. 20-36002 |
| Plaintiff-Appellee, | D.C. No. 4:20-cv-00371-DCN |
| v. | MEMORANDUM[*] |
| GEORGE W. KATSILOMETES, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted October 4, 2021
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

George Katsilometes appeals the district court's order that he comply with the

administrative subpoena issued by the U.S. Department of Labor's (DOL) Wage and

Hour Division (WHD) within 30 days of the order. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291.

Although in the district court Katsilometes did not produce any documents in response to the subpoena, at oral argument his counsel acknowledged that some of the requested documents would be relevant to WHD's identified investigation into potential child labor violations at the Lava Hot Springs Inn, and that Katsilometes could produce some of the documents without undue burden. Insofar as Katsilometes argues that the WHD subpoena is categorically unenforceable, the district court properly rejected that argument.

At the same time, and perhaps because Katsilometes did not focus his objections on individual document requests, the district court did not address whether the individual requests in the subpoena were excessive in relation to WHD's identified investigation. DOL's apparent position at oral argument—that it may secure a court order allowing it to obtain an extensive range of documents without identifying the scope or purpose of its investigation, beyond merely stating that WHD was investigating "whether any person had violated or was violating any provision of the Fair Labor Standards Act (FLSA) or any regulations promulgated thereunder" and that the documents requested were "relevant to the Secretary's FLSA investigation"—is unsupported. That lack of specificity regarding the "nature, purposes and scope of [WHD's] inquiry," *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 209 (1946),

2

provides an insufficient basis for the district court to exercise its discretion to determine whether the documents sought by the agency were "relevant and material to [its] investigation," *F.D.I.C. v. Garner*, 126 F.3d 1138, 1142 (9th Cir. 1997) (cleaned up), or whether the agency's requests constituted a prohibited "fishing expedition" into the Lava Hot Springs Inn, *Peters v. United States*, 853 F.2d 692, 700 (9th Cir. 1988).

On remand, the parties are expected to work together to determine a reasonable scope of production on a manageable timetable. To the extent they are unable to reach agreement, the district court will be required to decide, on a request by request basis, whether the disputed document requests are relevant and material to DOL's identified investigation and whether they would impose an undue burden on Katsilometes.

We therefore vacate the district court's order and remand for further proceedings consistent with this memorandum disposition.

**VACATED AND REMANDED.**[1]

---

[1] Costs shall be taxed against the government.